O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| KATHY ANN SCOTT, | ) | CASE NO. CV 11-02563 RZ |
| Plaintiff, | ) | |
| | ) | MEMORANDUM OPINION |
| vs. | ) | AND ORDER |
| | ) | |
| MICHAEL J. ASTRUE, Commissioner | ) | |
| of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

The Court finds that the Administrative Law Judge's decision was based on substantial evidence and was not a product of legal error. Accordingly, the Court affirms the decision.

Plaintiff raises four arguments. The first is that the Administrative Law Judge should have found that she suffered additional severe impairments. Plaintiff asserts that she had a severe mental impairment, and additional severe physical impairments that the Administrative Law Judge should have included in his analysis. The Court disagrees.

The regulations do not define a "severe" impairment. Instead, they state what a *non*-severe impairment is: one that does not significantly limit physical or mental ability to do basic work activities. 20 C.F.R. §§ 404.1521, 416.921. The basic work activities are "the abilities and aptitudes necessary to do most jobs," including various physical and mental activities. *Id.* The requirement of having a severe impairment performs a

gatekeeping function, screening out frivolous complaints. *Bowen v. Yuckert*, 482 U.S. 137, 153 (1987).  In its internal procedures, the Social Security Administration assesses an impairment as "non-severe" if it has no more than a minimal effect on the individual's ability to do basic work functions.  SSR 85-28.  This minimalist treatment has received the Courts' imprimatur.  *Yuckert v. Bowen*, 841 F.2d 303, 306 (9th Cir. 1988); *Smolen v. Chater*, 80 F.3d 1273, 1290 (9th Cir. 1996).  Thus, the requirement that a claimant have a severe impairment has been transmogrified into a requirement that the claimant have an impairment that is not very severe at all — it simply must have more than a minimal effect on his or her ability to do basic work functions.  When the Commissioner rests his decision on the failure to satisfy the severity requirement, that decision, as with any other, must rest on substantial evidence within the record.  *Smolen v. Chater, supra,* 80 F.3d at 1289-90.

Plaintiff complains that the Administrative Law Judge did not find a severe mental impairment.  Contrary to her assertions, there was substantial evidence backing the Administrative Law Judge's decision.  Plaintiff asserts that the Administrative Law Judge played doctor, finding no severe mental impairment when the consulting psychiatrist found a psychotic disorder.  This, however, misstates the psychiatrist's finding.  On the multi-axial scale, the consultant did state "psychosis, not otherwise stated," but she also stated immediately thereafter that malingering needed to be ruled out.  [AR 190]  More to the point, she also stated directly, on the very next page, that the claimant did not meet the criteria for any of the psychotic disorders.  [AR 191]  The psychiatrist stated that Plaintiff was not cooperative, showed poor effort, and was trying to manipulate the agenda. [AR 190]

Plaintiff says that the Administrative Law Judge was wrong to reject the psychiatrist's rating of 56 on the DSM-IV's General Assessment of Functioning scale, and that the Administrative Law Judge could not rely on the functional assessment by the psychiatrist while rejecting the GAF score by the same psychiatrist.  The cases do not support Plaintiff's all-or-nothing approach, however.  *See Switzer v. Heckler*, 742 F.2d 382-83 (7th Cir. 1984); *Robinson v. Barnhart*, 366 F.3d 1078,1083 (10th Cir. 2004).

Rather, they stand for the proposition that the Administrative Law Judge needs to explain what weight he puts on the opinions of a physician; the Administrative Law Judge cannot selectively adopt favorable parts of a report and *ignore* unfavorable parts, but he need not accept or reject everything, if he explains why he accepts some parts and rejects others. Here, the Administrative Law Judge did just that; he explained that the GAF was not a persuasive indicator of Plaintiff's ability to function, given the narrative descriptions of that ability contained in the same report. That was a sufficient explanation.

Plaintiff also asserts that the Administrative Law Judge did not consider hypertension and chest pain as severe physical impairments, and points to two records showing Plaintiff as having a borderline ECG with sinus bradycardia and borderline T abnormalities. (Plaintiff's Memorandum at 5:21-6:3, citing AR 254, 173). Plaintiff does not, however, point to any physician's statement that she had a severe impairment concerning her heart; Plaintiff testified that she was on medication, nitroglycerin and aspirin, and a consulting physician raised no issues about Plaintiff's heart. [AR 195] Under these circumstances, the Administrative Law Judge did not err when he did not include other physical impairments in his Step two analysis.

Plaintiff's second argument is that the Administrative Law Judge's credibility assessment was erroneous. An administrative law judge need not accept a claimant's statements as to subjective pain or symptoms, but can reject them for specific and legitimate reasons. *Bunnell v. Sullivan*, 947 F.2d 341 (9th Cir. 1991) (*en banc*); *Smolen v. Chater*, 80 F.3d 1273 (9th Cir. 1996). Ordinary techniques of evaluation may be used to assess credibility. *Fair v. Bowen*, 885 F.2d 597, 604 (1989). Plaintiff concedes that the Administrative Law Judge gave specific reasons for discrediting her, but asserts that those reasons were not legitimate. (Plaintiff's Memorandum at 8:9-11.)

The Administrative Law Judge noted that Plaintiff's complaints were inconsistent with the medical record, that despite Plaintiff's claim of asthma she continued smoking and had had very few reported asthma attacks, that medical officials found her to be uncooperative and to exert poor effort, and that she did not use an assistive device for

walking despite claims of disabling leg pain.  All of these are legitimate bases for discrediting subjective complaints.  *Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001); *Tonapetyan v. Halter*, 242 F.3d 1144, 1148 (9th Cir. Mar. 19, 2001); *Thomas v. Barnhart*, 278 F.3d 947, 959 (9th Cir. Jan. 24, 2002); *Johnson v. Shalala*, 60 F.3d 1428, 1433 (9th Cir. 1995).  In this Court Plaintiff's counsel notes that Plaintiff did not have insurance, but there is no cogent evidence that the absence of insurance prevented medical care; indeed, there is a record of medical care.  Nor is there any evidence to support Plaintiff's speculation that certain personality traits caused Plaintiff to be unwilling to cooperate. In short, the Administrative Law Judge fulfilled his obligation in giving specific and legitimate reasons for discrediting Plaintiff.

Plaintiff next argues that the Administrative Law Judge erred in concluding that she could perform other work, because the testimony of the vocational expert was based on a hypothetical question which was incomplete.  However, the evidence was sufficient that the limitations the Administrative Law Judge imposed matched Plaintiff's functional ability.  In addition, at least some of the jobs for which Plaintiff was qualified would have been available jobs even with the additional limitations Plaintiff argues for now.

Plaintiff's final argument is that the Administrative Law Judge erred in not developing the record further.  This appears largely to be a recycling of Plaintiff's other arguments.  An administrative law judge need not develop the record further unless there is some material ambiguity that prevents resolution.  *Mayes v. Massanari*, 276 F.3d 453, 459-60 (9th Cir. 2001) (citing *Tonapetyan v. Halter*, 242 F.3d 1144, 1150 (9th Cir. 2001).  Here there was none.

In accordance with the foregoing, the decision of the Commissioner is affirmed.

DATED:  November 10, 2011

_____
RALPH ZAREFSKY
UNITED STATES MAGISTRATE JUDGE

-4-